**James H. WEAVER, Jr. and Estate of Betsy M. Weaver, deceased, James H. Weaver, executor, Carl E. Weaver and Elsie S. Weaver, Petitioners-Appellees,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.**

No. 79–1587.

United States Court of Appeals, Sixth Circuit.

Argued April 7, 1981.

Decided April 29, 1981.

M. Carr Ferguson, Michael L. Paup, Asst. Attys. Gen., Helen A. Buckley, Carlton D. Powell, Tax Division, Dept. of Justice, Washington, D. C., Lester Stein, Acting Chief Counsel, Internal Revenue Service, Washington, D. C., for respondent-appellant.

William A. Polster/Barring Coughlin, Thompson, Hine & Flory, Cleveland, Ohio, for petitioners-appellees.

Before WEICK, LIVELY and CORNELIA G. KENNEDY, Circuit Judges.

PER CURIAM.

The only question for decision in this case is whether the taxpayers were entitled to report the sale of stock in a closely-held corporation under the installment method authorized by Section 453 of the Internal Revenue Code. The taxpayers sold their stock in the corporation to irrevocable trusts which they had created. Under the terms of the sale the taxpayers were to be paid in 20 equal annual installments. Shortly thereafter the trusts, as sole shareholders, elected a new board of directors of the corporation which adopted a plan of liquidation. This plan involved the sale of all of the assets of the corporation to a purchaser who had previously negotiated with the taxpayers when they were the only shareholders of the corporation. The sale price for the assets was virtually the

same as that which had been discussed by the taxpayers with the purchaser.

In the Tax Court and in this court it was the position of the government that, although the taxpayers sold their stock to the trusts prior to adoption of the plan of liquidation, in substance the taxpayers merely created the trusts as a device which had no independence and was foreordained to carry out their wishes with respect to sale and liquidation of the corporation. The taxpayers have argued that there was in fact an installment sale as found by the Tax Court, and that the corporate trustee was unrelated to the taxpayers and could have acted independently of them.

Upon consideration of the record on appeal together with the briefs and oral arguments of counsel this court concludes that the findings of fact by the Tax Court are not clearly erroneous and that the Tax Court did not err as a matter of law in finding under those facts that the taxpayers were entitled to installment treatment.

Accordingly, the decision of the Tax Court entered on March 29, 1979 is affirmed.*

---

* The findings of fact and opinion of the Tax Court appears at 71 T.C. 443 (1978).